THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAURICE W. KARL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-00598-NKL |
| ) | |
| PURPLE TREE TECHNOLOGIES, INC., et ) al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Maurice W. Karl brought this action against Defendants Purple Tree Technologies, Inc., et. al., claiming Purple Tree's use of technology developed by Karl violated Karl's patent, as well as other contracts and licenses between the parties. Before the Court are Purple Tree's and Defendant Faiferlick's (together, "Purple Tree") motions to dismiss Karl's claims and, in the alternative, to abate Karl's action pending a parallel state proceeding. For the reasons discussed below, the Court denies these motions.

**I.      Background**

In December 2010, Purple Tree filed suit against Karl in Boone County, Missouri, State Court, for declarations concerning the ownership and licensing rights of a particular telephonic technology, the patent for that technology, and the rights of the parties under an employment contract. Karl removed the case to this Court, raising counterclaims that included patent infringement.

Purple Tree moved the Court for remand to the state court, arguing that its claims turned on state contract law, rather than an interpretation of Karl's patent or whether it was infringed. The Court granted remand, stating that "having considered the Purple Tree's Complaint broadly as a whole, it is clear that Purple Tree only seeks a determination of who owns the disputed technology or who owns the patent or, alternatively, the effect of the licensing agreement." [Doc. # 15-4 at 2].

Karl then filed the current action in this Court, claiming patent infringement, contributory patent infringement, breach of exclusive license agreement, breach of employment agreement, quantum meruit, and misappropriation of trade secrets.

## I. Discussion

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Purple Tree argues that the Court must dismiss this claim for lack of subject matter jurisdiction because Karl did not allege diversity jurisdiction and because Karl's patent claims are contract claims in disguise. Purple Tree relies for this point on the Court's statement in its remand of Purple Tree's action to state court that "this dispute is at most about the parties' agreements concerning ownership or licensing of the disputed technology and relevant patent." [Doc. # 15-4 at 3]. But the same application of the well-pleaded complaint rule that led to remand in that case confers jurisdiction on this Court in this case, and exclusive jurisdiction at that. *See Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1131 (8th Cir. 2007). While it is true that Purple Tree did not allege a patent claim in its action now pending in state court, Karl clearly has alleged

2

patent infringement in his claim now before this Court. The Court thus has exclusive subject matter jurisdiction under federal patent law. 28 U.S.C. §1338(a) (2011).

### B. Abatement

Generally, a pending action in state court does not bar parallel proceedings in a federal court with jurisdiction over the claim. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Although a federal court can sometimes elect not to exercise its discretion in this situation, "[a]bdication of the obligation to decide cases can be justified under the abstention doctrines only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) (emphasis in original, internal quotes and alterations omitted). The Court must consider the following factors in determining whether such exceptional circumstances exist:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Id.* When balancing these factors, "the balance is heavily weighted in favor of the exercise of jurisdiction." *Id.*

Given these factors and the strong preference for exercise of jurisdiction, abstention is clearly not appropriate in this case. Although Purple Tree is correct that maintaining separate actions may result in piecemeal litigation of the parties' rights, Purple Tree does not address that the federal courts have exclusive jurisdiction over Karl's patent claim. The Court cannot abate these proceedings, as federal law controls and Purple Tree's parallel action in a state court is inadequate to protect Karl's patent rights.

## III. Conclusion

For the foregoing reasons, it is ORDERED that Defendant Purple Tree's motion to dismiss [Doc. # 14], is DENIED and its motion to abate is also DENIED. Defendant Faiferlick's motions for the same [Doc. # 23] are also DENIED.

  s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 18, 2011
Jefferson City, Missouri